Ex parte LEO MAYNARD.

No. A-10651. Sept. 12, 1945.

(161 P. 2d 864.)

See, also, 79 Okla. Cr. 215, 153 P. 2d 505.

Leo Maynard, pro se.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus filed by the petitioner, Leo Maynard, to secure his release from confinement in the State Penitentiary.

The petition alleges that on October 20, 1942, he was convicted in the district court of Osage county of the crime of attempted burglary in the second degree, a second offense, with the punishment left to the court. That, thereafter, the trial court sentenced the defendant to serve six years in the State Penitentiary for said crime and was committed to said institution, where he is now restrained of his liberty by reason of the commitment aforesaid.

The petition further alleges that the court exceeded its jurisdiction in assessing a sentence of six years for the reason that no such punishment was authorized by law. That the judgment and sentence being void on its face, the defendant is entitled to his release from the penitentiary because he has now served more time in the penitentiary than he would have had to have served if he had been given the maximum sentence authorized by law for such a conviction.

The respondent, warden of the State Penitentiary, in his response herein admits that the petitioner was

convicted on October 20. 1942, of the crime of attempted burglary in the second degree, a second offense, and sentenced to serve six years in the State Penitentiary as alleged in the petition.

At the hearing held before this court, the Attorney General on behalf of the respondent stated that if the court should find that five years' imprisonment in the State Penitentiary is the maximum sentence that might be assessed upon conviction of the crime of attempted burglary in the second degree, a second offense, that the petitioner has already served long enough, with allowances made to him for good behavior, to be entitled to his release from confinement and that this court should order his discharge.

It is provided by statute as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: . . .

"3. If such subsequent conviction is for petit larceny, or for any attempt to commit an offense which, if committed, would be punishable by imprisonment in the penitentiary, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for a term not exceeding five years." 21 O. S. 1941 § 51.

Under the third subdivision of said statute above quoted, it is clearly apparent that the court exceeded its authority in assessing a sentence of six years, as the maximum sentence for such crime is five years in the State Penitentiary.

It is, therefore, ordered that the writ of habeas corpus issue and the warden of the State Penitentiary is directed to immediately release the said petitioner, Leo

Maynard, from confinement in the State Penitentiary, if he has no other or additional commitment than the one from the district court of Osage county, wherein the petitioner was sentenced to serve a term of six years for the crime of attempted burglary in the second degree, a second offense.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.