Ex parte CHARLES L. MUSGRAVE.

No. A-11141.   Dec. 22, 1948.
(201 P. 2d 272.)

Charles L. Musgrave, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J.   This action in habeas corpus was instituted by the petitioner, Charles L. Musgrave, for the purpose of securing his release from confinement in the State Penitentiary.

Two propositions are presented by the petitioner: First, there is a variance in the allegations of the information from those set forth in the preliminary complaint; second, the punishment imposed upon petitioner's plea of guilty was excessive and should be modified.

Certified copies of the information and the preliminary complaint are not attached to the petition, but the petitioner makes the general allegation that in the preliminary complaint he was charged with an attempt to pass a forged instrument, while in the information upon which he was arraigned in the district court, the charge was for the completed offense of forgery.

Without being furnished with copies of the preliminary complaint and the information filed in the district court, we are unable to determine just what allegations were set forth in each of these respective instruments.   However, under the statute every person who sells, exchanges or delivers any forged check, or offers such instrument for sale, exchange or delivery, knowing the same to be forged, is guilty of forgery in the second degree.   Tit. 21 O.S. 1941 § 1577.

Furthermore, it has been held that the entire preliminary proceedings may be waived in the trial court

and are waived by failure to file a motion to quash or set aside the information as provided by the statute before entering a plea on the merits. Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868.

If the petitioner had wished to raise the question that there was a material variance in the allegations contained in the information from those set forth in the complaint filed before the committing magistrate, he should have raised the question by a motion to quash or set aside the information before entering a plea on the merits. Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781; Sparks v. State, 71 Okla. Cr. 430, 112 P. 2d 434; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332.

As to the second proposition contended for by petitioner that the punishment is excessive, it should be borne in mind that this is not a hearing on appeal, but is an original action in habeas corpus and in such proceedings only jurisdictional questions will be considered.

The writ of habeas corpus will not be allowed to be used as a substitute for appeal. It has been held that in such a proceeding the Criminal Court of Appeals does not have authority to modify the sentence imposed against one convicted of crime. Ex parte Berryhill, 87 Okla. Cr. 48, 194 P. 2d 214. Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

There is attached to the petition an affidavit allegedly executed by M. E. Fariss, who was the proprietor of the Electric Supply Company where defendant allegedly offered for sale the forged check. This instrument purportedly gives the facts surrounding the circumstances that an adjustment be made in the defendant's sentence.

This instrument and all other matters referred to by petitioner tending to show that the maximum punishment meted out by the trial court on his plea of guilty was excessive under the circumstances are matters which properly should be addressed to the Pardon and Parole Board. They concern matters of clemency and are not matters that may be considered by this court in a habeas corpus proceeding.

The writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.