### Ex parte ODIS PRUITT.

No. A-11209.   June 8, 1949.

(207 P. 2d 337.)

David W. Taylor, of Norman, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, P. J. The petitioner, Odis Pruitt, an inmate of the Oklahoma State Penitentiary, alleges in his verified petition for habeas corpus that his commitment to the penitentiary is void for the reason that the judgment and sentence under which he is now serving recites

that he was convicted of burglary in the second degree and sentenced to serve 10 years' imprisonment in the penitentiary on account of such conviction; that the maximum period of imprisonment that may be assessed upon conviction of the crime of burglary in the second degree is a term of seven years' imprisonment in the penitentiary, and therefore the judgment and sentence is void.

At the hearing before this court, the following facts were established: Petitioner was charged by preliminary complaint filed before a justice of the peace of Oklahoma county, on October 25, 1945, with the crime of burglary in the second degree; his preliminary examination was set for November 6, 1945. On that date the preliminary complaint was amended to charge the petitioner with the crime of burglary in the second degree after a former conviction of a felony. On November 6, 1945, the cause was continued to a further hearing on November 10, 1945, at which time the magistrate entered an order holding the defendant for trial in the district court.

Thereafter an information was filed in the district court charging the petitioner with burglary in the second degree after former conviction of a felony. Upon a trial to a jury, a verdict was returned finding the defendant "guilty of the crime of burglary in the second degree after former conviction of a felony" and his punishment was fixed at imprisonment in the penitentiary for a period of 10 years. Thereafter, on December 27, 1945, the judgment and sentence was pronounced by the district court in conformity to the jury's verdict, but the court clerk in preparing the formal journal entry of the judgment and sentence inadvertently omitted the phrase "after former conviction of a felony".

Approximately three years later, on December 22, 1948, after the county attorney had been informed of this omission in the judgment and sentence which was signed by the court, he filed his written application for an order nunc pro tunc in which he prayed the district court to direct the court clerk to amend the original judgment and sentence by incorporating therein "after former conviction of a felony". Pursuant to such application, the district court of Oklahoma county, on December 22, 1948, entered the following order:

"It is, therefore, ordered adjudged and decreed by the court that the Court Clerk amend and correct the original judgment and sentence in this case by adding after the phrase 'Burglary in the Second Degree' the following phrase: 'after former conviction of a felony', so that the judgment and sentence will speak the truth and correct the error, negligence and mistake of the Court Clerk heretofore made on December 27, 1945."

Three propositions are presented in the brief of petitioner:

(1) The district court of Oklahoma county did not have jurisdiction of the person of petitioner at the time of the purported trial on December 18, 1945, or jurisdiction to render the particular judgment.

(2) The judgment and sentence was void on its face.

(3) The granting of an order nunc pro tunc by the district court of Oklahoma county was invalid for lack of notice to petitioner.

The first proposition is based upon the fact that the transcript of the justice of the peace ordering the defendant held to await trial in the district court does not show for what particular crime the defendant was held to await

trial, and therefore there was no foundation for the filing of an information against the accused in the district court charging him with the crime of burglary in the second degree after former conviction of a felony.

In Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868, this court held that a convicted person who entered a plea to the information in the district court on arraignment upon an information charging a felony could not by habeas corpus question the fact that no preliminary hearing had been accorded him.

The syllabus of that case reads:

"The Constitutional provision (Art. 2, § 17, Okla. Const.) that no person shall be prosecuted for a felony by information without having had a preliminary examination is in the nature of a personal privilege for the benefit of the accused which may be waived by him. * * *

"The manner of challenging jurisdiction because no preliminary examination was had is by motion to quash or set aside the information before entering a plea on the merits."

See, also, Ex parte Miller, 82 Okla. Cr. 315, 169 P. 2d 574, 575; Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781.

Under the authority of Ex parte Maynard, 81 Okla. Cr. 165, 161 P. 2d 864, and Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759, it is apparent that the judgment and sentence as executed by the court on December 27, 1945, was void on its face for the reason that it attempts to assess a punishment that is excessive and unauthorized by statute for the crime named in the judgment.

This brings us to the third proposition which is the essential question for determination of this case and that is whether the court could correct the judgment by the

entry of an order nunc pro tunc at a date approximately three years after judgment was pronounced.

In the early case of Howland v. State, 3 Okla. Cr. 142, 104 P. 927, Ann. Cas. 1912A, 840, it is held:

"Where a defendant is tried, convicted, and sentenced to imprisonment, but by error of the clerk the judgment is not entered on the records of the court, the error may be corrected at any time by an order nunc pro tunc.

"A criminal case is 'pending' in the sense that a court may correct its records, until the judgment is fully satisfied."

In the body of the opinion, it is stated:

"Counsel for relator, in the brief filed in this case and in the oral argument, insist that the court was without authority to enter the order nunc pro tunc; that such an order could not be entered, for the reason that it would be 'an ex post facto judgment, and affect the right of this petitioner.' The power of making an entry nunc pro tunc seems to have been possessed and exercised by the courts of law and in equity from the earliest times. The period through which this right could be successfully invoked has never been limited. The power has been confined to those cases in which some hardship would be visited upon one of the parties without any fault of his, unless the judgment was entered. The power to enter judgments and orders nunc pro tunc is inherent in the courts, both at law and in equity, and is not dependent for its exercise upon any statute. It is a power which courts have and liberally exercise to make their records speak the truth; and, if a clerk has omitted to make an entry, whether before or after final judgment, the court may require him to supply this omission nunc pro tunc. When the entry is amended, it is nothing more than perfected evidence of what, in contemplation of law, existed from the time the judgment was rendered, and this amended judgment should be given effect as if no error had occurred in the original entry. * * *

"The court having found that it was a mere error of the clerk, and it being clearly within the province of the court to correct such error, and the correction having been made, the order stands as originally made and intended, and must be given effect accordingly."

In Dunn v. State, 18 Okla. Cr. 493, 196 P. 739, this court held:

"As between the parties, the validity of the judgment cannot be avoided because the clerk failed to perform his ministerial duties in making up the record; and where, through the negligence or omission of the clerk, the judgment record is defective or incomplete, the court may at any time, upon a proper showing, require the clerk to make the record conform to the facts nunc pro tunc."

It is contended that under the authority of Ex parte Wray, 61 Okla. Cr. 162, 66 P. 2d 965, the attempted correction of the judgment by an order nunc pro tunc is void for the reason that the petitioner was not present at the time the order was entered and was not properly notified of said application for said order. In the Wray case, the convicted person was charged by information with being an "habitual criminal" and the judgment and sentence recited that the accused had entered his plea of guilty to the crime of "habitual criminal". After the pronouncement of the judgment sentencing Wray to three years in the penitentiary and subsequent to the filing of the petition for habeas corpus, an order nunc pro tunc was entered amending the information to charge the petitioner with having committed the crime of "petit larceny" as a second offense and further correcting the judgment to show that the petitioner entered a plea of guilty to the crime of "petit larceny" as a second offense. In disposing of that case, this court held that there was no such crime known to our penal code as that of "habitual criminal" and that habitual criminality is a state and not

a crime; that the nunc pro tunc order entered by the court was without authority or jurisdiction for the reason that the pleadings were changed and the judgment was changed without notice to the accused or without the accused or counsel being present at the time the order was entered. The correctness of that decision cannot be questioned.

However, here the situation is entirely different. The information filed against the accused charged him with the crime of burglary in the second degree after former conviction of a felony. The proof supported such information and the verdict of the jury found him guilty of such crime and fixed his punishment at imprisonment for 10 years in the penitentiary. The judgment and sentence pronounced upon the accused by the court at the time he was personally present in open court was for 10 years upon conviction for burglary in the second degree after former conviction of a felony. It is only necessary that the petitioner be present when sentence is pronounced and it is not necessary that he be present when the clerk makes an entry on his records of the proceedings had against the accused or presents to the court the formal journal entry of the judgment and sentence for the signature of the court.

It is apparent that the error here complained of was caused by mere inadvertence on the part of the court clerk which error was not called to the attention of the court until nearly three years subsequent to the pronouncement of the judgment and sentence. The order nunc pro tunc vitally affected the accused but it did not change the sentence which had actually been pronounced, but before the same was entered notice of the application

should have been served on the accused and an opportunity given to him to protest or appear and contest the court's action in this regard. However, counsel for the accused now concede that the information correctly charged the accused with burglary in the second degree after former conviction of a felony; that the verdict of the jury found him guilty of such offense and that the punishment imposed by the court was within the limitations set forth in the statute; that sentence was pronounced by the court in conformity to the jury's verdict and that the order nunc pro tunc did nothing more than to correct the formal journal entry of judgment by inserting the phrase "after former conviction of a felony" so as to make the records in the office of the clerk of the court speak the truth. Under such circumstances we hold that the failure to give notice on the hearing of the application for an order nunc pro tunc to the accused so as to afford him an opportunity to be present or represented by counsel at the hearing on the application was not fatal to such order. However, this does not mean that applying this principle to the instant case places our stamp of approval on such action in all cases. It is much better that a trial court before making an order nunc pro tunc should require that notice of the filing of such application for correction of an order of the court be given to all interested parties, and that an opportunity to be heard be given before the order nunc pro tunc is issued.

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.