# CLARK v. STATE.

No. A-11113.   May 3, 1950.

(218 P. 2d 410.)

Chas. W. Moss, Public Defender, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, William Lee Clark, was charged by an information filed in the district court of Oklahoma county with the crime of rape in the first degree, was tried, convicted and pursuant to the verdict of the jury was sentenced to serve a term of life imprisonment in the State Penitentiary.

At the trial of the accused the Honorable Garnett Hughes appeared as counsel for the defendant. Shortly after the trial and conviction of defendant his counsel died. Thereupon the public defender of Oklahoma county had a case made prepared at the expense of Oklahoma county and filed the appeal in this court within the time allowed by law.

No brief has been filed on behalf of the defendant but at the time the case was set for oral argument the public defender of Oklahoma county appeared and argued the cause in his behalf.

For a reversal two propositions were presented: First, the defendant did not have a proper preliminary examination as guaranteed by the Constitution and statutes of Oklahoma. Second, both of the assistant county attor-

neys were guilty of prejudicial misconduct in their arguments to the jury.

As to the first proposition, the record discloses that on the date the case came on regularly for trial on January 20, 1948, a jury was called to the box and had been sworn to answer questions upon voir dire examination. At which time defendant's counsel moved the court to remand the case to the justice of the peace court for a preliminary examination for the reason that at the time the accused appeared before the magistrate he was without counsel and had in fact had no preliminary examination.

When this motion was made the court excused all members of the jury panel from the courtroom and the defendant testified in support of his motion as follows: That he was arrested on December 22, 1947; that on January 2, 1948, he was taken before justice of the peace Paul Powers for a preliminary examination; that the charge was read to him and "they asked me how I pleaded and told them Not Guilty"; that the prosecutrix and one other witness testified against him and the justice of the peace asked him if he wanted to cross-examine the witnesses or whether he had anything to say and he responded, "no, at the present"; that he had no lawyer at the preliminary examination; that on January 8, 1948, he was arraigned in the district court of Oklahoma county, at which time the public defender was appointed to represent him; that at that time a plea of not guilty was entered and the case set for trial on January 20, 1948; that subsequent to that time relatives of the accused employed Mr. Hughes of Hobart to represent the defendant.

After the testimony of the defendant was concluded the trial court stated in the record that he had had a conversation with Mr. Hughes in which he said that he would

be ready for trial on the appointed date, that no question as to the failure of the defendant to have a proper preliminary examination had been raised, and now "all parties have answered ready for trial and we have gotten the point of having a jury in the box". The motion was then overruled and defendant allowed an exception.

In Burchfield v. State, 85 Okla. Cr. 415, 188 P. 2d 392, this court held:

"The constitutional provision, article 2, § 17, Oklahoma Constitution, that 'no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such examination,' is for the benefit of an accused and which, by express terms of the Constitution, he may waive.

"The fact that accused has had a preliminary examination need not be alleged in the information or shown affirmatively by the state. The law presumes that accused has had a preliminary examination or has waived it, and when accused relies upon the want of a preliminary examination, the proper practice is to raise the question by motion to quash or set aside, before pleading to the merits.

"The entire preliminary proceedings may be waived in the trial court and are waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits.

"After the entry of a plea of not guilty in a district court without filing a motion to quash the information, the question as to the failure to have a preliminary examination or of a defective certificate of the magistrate in transcribing the proceedings to the District Court is waived, and may not be raised by an objection to the introduction of evidence at the beginning of the trial."

This court has held on many occasions that an accused may waive a preliminary examination and that his

right to question the sufficiency of the proceedings upon a preliminary examination or to raise the question that he did not have a preliminary examination may be waived in the trial court and is waived by failure to file a motion to quash or set aside the information in apt time. Ex parte Miller, 82 Okla. Cr. 315, 169 P. 2d 574; Landon v. State, 82 Okla. Cr. 336, 166 P. 2d 781; Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868; Ex parte Pruitt, 89 Okla. Cr. 312, 207 P. 2d 337; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258.

It is our conclusion after a consideration of the record that the defendant did have a preliminary examination but that if he had not had a preliminary examination his failure to raise such question before entering a plea to the merits constituted a waiver of his right to a preliminary examination.

The prosecuting witness, a young married woman 23 years of age with a young baby lived in Oklahoma City with her husband. Her husband worked on a night shift and did not get off from work until about 1:30 a. m. each night.

The prosecutrix testified that she was awakened by the door bell about 1 a. m.; that she thought it was her husband and that he had lost his key; that when she opened the door the defendant entered without being invited and said he wanted to use the telephone; that she ordered the defendant to leave the house but instead the defendant pulled a gun and forced her to submit to an act of sexual intercourse with him. The husband returned home about 15 or 20 minutes after the attack occurred and found his wife in a hysterical condition. The defendant was arrested several days later and positively identified as being the assailant. Several corroborating

factors were brought out at the trial but the sufficiency of the evidence is not questioned and it is unnecessary to further review the evidence. The defendant did not testify and offered no evidence in his behalf.

It is contended that each of the assistant county attorneys committed reversible error when they made the statement in their closing arguments to the jury that the evidence of the state was uncontradicted for the reason that this was a comment upon the fact that the defendant did not testify. By statute it is mandatory on the trial court to grant a new trial when a prosecutor comments on the fact that defendant did not testify. 22 O. S. 1941, § 701. This statute has been before the court many times for construction.

In Chesser v. State, 63 Okla. Cr. 84, 73 P. 2d 191, 192, the sixth syllabus reads:

"Statements of the prosecuting attorney, in argument to the jury, 'Why couldn't they contradict the state's testimony, but not one place do they do that,' and 'I say again there is no evidence offered to contradict the state's evidence in this case,' held, not a comment upon the failure of the defendant to testify as a witness in his own behalf, within the meaning of section 3068, St. 1931 (22 Okla. St. Ann, § 701)."

In Presnell v. State, 71 Okla. Cr. 162, 109 P. 2d 834, 835, the second syllabus reads:

"The statement by the county attorney in his argument to the jury that, 'The witness, Deehan, who is now deceased, in his testimony identified this defendant, and that has not been denied or contradicted by any one in this case,' held not a comment upon the failure of the defendant to testify as a witness on his own behalf, within the meaning of Sec. 3068, O. S. 1931, 22 Okla. St. Ann., § 701."

In the body of the opinion the following quotation appears:

"Where a defendant fails to offer any evidence, the prosecution is not prevented from discussing the evidence against him, and to insist that such evidence is undisputed."

Other cases holding that statements by the prosecutor that the evidence of the state is undisputed or words of similar import have not been a violation of the statute are as follows: Sellers v. State, 88 Okla. Cr. 114, 200 P. 2d 443; Starr v. State, 63 Okla. Cr. 302, 74 P. 2d 1174; Lakes v. State, 61 Okla. Cr. 252, 67 P. 2d 457; White v. State, 76 Okla. Cr. 147, 134 P. 2d 1039, 1041.

While the record does not report the arguments of either of the prosecutors nor of counsel for the defendant, in view of the objection that was made during the argument we think the statement made by this court in White v. State, supra, should be repeated so as to call to the attention of county attorneys the grave risk they run in trying to comment upon the failure of the defendant to introduce any evidence. Here the county attorney could have waived argument and the jury would still have rendered the verdict which they reached. In White v. State, supra, it is stated:

"The county attorney should have been very careful in his argument not to make a statement which might force the trial court to declare a mistrial. The statute (section 3068, O. S. 1931, 22 O. S. 1941, § 701) makes it mandatory on the trial court to grant a new trial when the prosecutor comments on the fact that defendant did not testify. It is taking a great chance for the county attorney to make any statement which might, in any way, prejudice his case, especially where he has made out a good case against the defendant and there appears no reasonable probability that any jury could do other than return a verdict of guilty."

The public defender of Oklahoma county did not appear in the trial of the case in the lower court, but as has been herein before noted, he appeared before us upon the death of the defendant's counsel and made an excellent argument before this court. His efforts are commendable.

We have found no legal reason why the judgment and sentence of the district court of Oklahoma county should be reversed. It is accordingly ordered that the judgment and sentence be affirmed. ·

BRETT and POWELL, JJ., concur.