See also 359 P.2d 244.

Maurice ERVIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13024.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1962.

Bob E. Bennett, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Maurice Ervin, from a judgment and sentence of thirty-seven and a half years imprisonment entered against him in the district court of Pontotoc County, Oklahoma, for the crime of attempted rape, allegedly committed on April 1, 1960, in Ada, Pontotoc County, Oklahoma.

The preliminary complaint and the information both allege facts to establish attempted rape, and specifically in the charging part of the information alleged attempted rape. However, in the descriptive label of both the preliminary complaint and the information, the offense was described as "assault with intent to commit rape".

The defendant entered a plea of not guilty to the charge of attempted rape as laid in the charging part of the complaint, waived a preliminary hearing in person and by counsel, and was bound over to the district court.

Thereafter a motion to quash the information was filed in the district court on ground the accused was not represented by counsel. The motion was overruled.

A demurrer was interposed to the information on the ground of duplicity, and was overruled.

Some time later, and before trial, by leave of the district court, the county attorney was granted permission to amend the information by interlineation, by striking out in the descriptive label the words "assault with intent to commit rape", and typing above it the description, "attempt to commit rape". The charging part of the information was not amended in any particular whatever.

Thereafter the case came on for trial and the defendant plead not guilty, and counsel announced ready for trial.

After the jury was sworn and the first witness was called, the defense counsel objected to the introduction of evidence on the ground defendant had not had a preliminary trial on the amended information. The objection was overruled, the case tried, and the conviction complained of resulted.

**258**

It is contended by the defendant that the offense was changed from "assault with intent to rape", to "attempted rape", and that he was thus denied a preliminary hearing, and the district court was without jurisdiction to try the case.

 The contention of the defendant is wholly without merit. It has repeatedly been held by this court, as stated in Ex parte Musgrave, 88 Okl.Cr. 192, 201 P.2d 272, 274:

"The entire preliminary proceedings may be waived in the trial court and are waived by failure to file a motion to quash or set aside the information as provided by the statute before entering a plea on the merits. Ex parte Owen, 82 Okl.Cr. 415, 171 P.2d 868.

"If the petitioner had wished to raise the question that there was a material variance in the allegations contained in the information from those set forth in the complaint filed before the committing magistrate, he should have raised the question by a motion to quash or set aside the information before entering a plea on the merits. Landon v. State, 82 Okl.Cr. 336, 166 P.2d 781; Sparks v. State, 71 Okl.Cr. 430, 112 P.2d 434; Muldrow v. State, 16 Okl.Cr. 549, 185 P. 332."

In Heacock et al. v. State, 4 Okl. Cr. 606, 112 P. 949, this court said:

"Where felonies are being prosecuted by information, if in fact defendant has not had a preliminary examination and been bound over to answer the charge contained in the information, or the defendant had not waived such examination, these matters can only be presented by a motion to set aside the information, and can not be raised by motion to exclude the testimony of witnesses."

Numerous other authorities support this conclusion. Clark v. State, 91 Okl.Cr. 210, 218 P.2d 410; Burchfield v. State, 85 Okl. Cr. 415, 188 P.2d 392; Robbins v. State, 12 Okl.Cr. 294, 155 P. 491. And see also

Application of Ervin for writ of habeas corpus, Okl.Cr., 359 P.2d 244.

In light of the foregoing record, the objection to lack of preliminary hearing on the amended information comes too late and after waiver.

The judgment is, accordingly, affirmed.

NIX, P. J., and BUSSEY, J., concur.