James Franklin BEAIRD, Jr., Petitioner,

v.

Honorable Fenton RAMEY, District Judge, Oklahoma County, Oklahoma, Respondent.

No. A–15370.

Court of Criminal Appeals of Oklahoma.

June 18, 1969.

**588**

Herbert K. Hyde, Jr., Oklahoma City, for petitioner.

Curtis Harris, Dist. Atty., Oklahoma County, for respondent.

## MEMORANDUM OPINION

NIX, Judge.

A preliminary was held in the above styled cause [Oklahoma County District Court case No. 35,344] on April 4, 1969, wherein defendant was charged with Obtaining Money Under False Pretenses. The State presented two witnesses and concluded their case before the magistrate. The defense counsel proceeded as follows:

"MR. HYDE: If it please the court, we would like to reserve our demurrers and motions at this point and proceed with the defense witnesses.

THE COURT: Mr. Hyde, what is the purpose of any testimony on your part at this time?

MR. HYDE: If it please the court, we are proceeding under 22 O.S.A. section 259, which I would like to read into the record.

THE COURT: Now, you are going on the theory that any witness that you may offer to produce must be sworn and examined. I go on the theory that it depends on what kind of evidence he is going to give and there isn't any evidence that he can—that anybody can give, as I told you before, excepting that you have got the wrong man, this isn't the man we are after or there wasn't any crime committed. And that's going to depend entirely on what the Court feels is the evidence of the plaintiff. That's exactly the same way, as I told you, in the case of a demurrer in a civil action, and that's as far as a demurrer goes.

Any objection to the sufficiency of the State's evidence is, in effect, a demurrer.

MR. HYDE: If it please the Court, we will stand on the statute and make our offer of proof."

This type procedure is in direct conflict with previous holdings of this Court.

In the Oklahoma Bill of Rights, Art. 2, § 17, it provides: "No person shall be prosecuted for a felony by information without having had a preliminary before an examining magistrate, or having waived such examination".

This part of our Constitution is fortified by statute. Title 22, O.S. § 257, which reads as follows:

"At the examination the magistrate must, in the first place, read to the defendant the complaint on file before him. He must, also, after the commencement of the prosecution, issue subpoenas for any witnesses required by the prosecutor or the defendant."

Also, by Title 22, O.S. § 259 recited, which reads as follows:

"When the examination of the witnesses on the part of the State is closed, any witnesses the defendant may produce must be sworn and examined."

■ As this Court has heretofore stated, this statute should be complied with, or repealed. Shapard v. State, Okl.Cr., 437 P.2d 565. Two Sessions of the Legislature have passed since the rendition of that decision, and the statute still prevails, and is still being abused.

The Legislature does not enact statutes to be warped or twisted and interpreted to suit the converse of a particular situation.

■ It is well conceded that a preliminary hearing is not a trial to determine the guilt of accused, but only the two issues: "Was a crime committed, and is there reasonable cause to believe the defendant committed said crime." However, this does not mean that only the State can put on witnesses, and the magistrate allowed to call a halt to the proceeding under the auspices that he has been satisfied with the evidence.

■ Defendant certainly has a right to produce evidence material to the two issues. The materiality of evidence as to these two issues is broad in scope and the magistrate should restrict the testimony with caution, or else defendant may be denied his Constitutional right to be confronted with his accusers. After all, a preliminary hearing is the right given by the Bill of Rights for benefit of the defendant.

Its origin, like the Grand Jury, was created to prevent a person from becoming the victim of an unjust and malicious prosecution. The Constitution provides for the preliminary hearing to ascertain whether there is just cause for defendant to stand trial in District Court, or whether he should then and there be released. It is a most important part of our system of Jurisprudence and should not be treated lightly. Unfortunately, seldom do you find a person who has served as a magistrate for any period of time who has not bound defendant over to District Court when he knew justice would have been better served by having the judicial courage to have released defendant at the preliminary hearing. It must be borne in mind that the hearing is always being conducted for the benefit of the accused. This Court has held in Ex parte Pruitt, 89 Okl.Cr. 312, 207 P.2d 337:

"The Constitutional provision that no person shall be prosecuted for a felony by information without having had or waived preliminary examination before examining magistrate is in nature of a personal privilege for benefit of *accused*, which may be waived by him."

Also, see Ex parte Musgrove, 88 Okl.Cr. 192, 201 P.2d 272; and, Clark v. State, 91 Okl.Cr. 210, 218 P.2d 410.

■ Though not designated by law, and other than protecting defendant from unjust prosecution, the preliminary hearing under our system of jurisprudence has been recognized as a median serving several purposes. First, it permits the State as well as the defendant to preserve the testimony of witnesses, in lieu of depositions. Witnesses die, leave the state, abscond, and are often unable to be found. Next, it is a procedure whereby defendant may discover what testimony is to be used against him at the trial, as he may examine witnesses in detail and be prepared to cope with their testimony at the time of trial in case defendant is bound over.

■ Since the hearing is conducted for benefit of an accused, he should be given

broad latitude in the cross-examination of State's witnesses and in producing evidence that would tend to obtain defendant's release, or that which would be material or relevant. It appears to your writer that it would create a most difficult task for the magistrate to pass on the materiality or relevancy of the testimony of a witness without first hearing said witness and then pass upon any objection by the State as to its competency.

Your writer is aware of the fact that the tremendous workload of the present day Judge has created a tendency to rush, rush, rush, all proceedings so they might keep up with the ever growing caseload. But the wheels of justice have always been keyed to a slow, steady pace in our system of Democracy, while speed in executing the law has been more frequently associated with anarchy and despotism; and a speedy proceeding is not always a substitute for justice.

This Court is of the opinion that to deny defendant the right to produce witnesses is contrary to the statute and constitutes a denial of that type of preliminary hearing allowed by the Constitution. It is, therefore, the order of this Court that this cause be remanded to the examining magistrate to conduct a hearing in conformity with this decision.

BRETT, P. J., concurs.

BUSSEY, Judge (specially concurring):

Having been advised by the Presiding Judge that this matter has already been remanded by the District Court to the Magistrate for further preliminary hearing, I am of the opinion that the matter is moot and although I do not disagree with the conclusions reached by the author, I believe the question is moot and the law so well established as to not require a written opinion. Particularly is this true when some members of the Court are so far behind on their caseload.