Johnny Lee WYRICK, Petitioner,

v.

The DISTRICT COURT OF MAYES COUNTY, State of Oklahoma, the Honorable James D. Goodpaster, District Judge of the Twelfth Judicial District, State of Oklahoma, and the Honorable Dynda Parks Post, Special District Judge of the Twelfth Judicial District, State of Oklahoma, Respondents.

Richard Gene HUTCHINSON, Petitioner,

v.

The DISTRICT COURT OF MAYES COUNTY, State of Oklahoma, and the Honorable Dynda Parks Post, Special District Judge, and the Honorable James D. Goodpaster, District Judge of the Twelfth Judicial District, State of Oklahoma, Respondents.

Richard Allen WILLIAMS and Carolyn Ann Williams, Petitioners,

v.

The DISTRICT COURT OF MAYES COUNTY, State of Oklahoma; the Honorable James D. Goodpaster, District Judge of the Twelfth Judicial District, State of Oklahoma; and the Honorable Dynda Parks Post, Special District Judge of the Twelfth Judicial District, State of Oklahoma, Respondents.

Nos. O 92–0440 to O 92–0442.

Court of Criminal Appeals of Oklahoma.

Aug. 20, 1992.

## ORDER REMANDING TO THE EXAMINING MAGISTRATES AND LIFTING STAYS

The above three named and numbered applications for extraordinary relief are consolidated for review by this Court.

Petitioners, in each case, complain that the Magistrate would not allow the defense to call witnesses that they deemed to be material at the preliminary hearings. After the conclusion of the State's case in chief and a demurrer to the evidence was overruled, unless an affirmative showing could be made that the testimony would affect the Magistrate's ruling as to a crime having been committed and probable cause to believe that Petitioners, in each case, had committed the crime, Petitioners were denied the opportunity to produce witnesses.

Petitioners contend that the District Court relied upon this Court's decision in *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr.1990), as prohibiting any discovery at a preliminary hearing. Petitioners request this Court to assume original jurisdiction and issue a writ of mandamus requiring the District Court of Mayes County to remand these proceedings to the Examining Magistrate for further preliminary hearing to enable the defense, in each case, to call and examine all witnesses with material information.

In an order entered May 20, 1992, this Court stayed all further trial proceedings in *State of Oklahoma v. Johnny Lee Wyrick*, Case No. CRF–91–278 in the District Court of Mayes County; *State of Oklahoma v. Richard Gene Hutchinson*, Case No. CRF–90–90 in the District Court of Mayes County; and, *State of Oklahoma v. Richard Allen Williams, Jr., and Carol Ann Williams*, Case No. CRF–92–13 in the District Court of Mayes County, and direct-ed that the Respondents, or a designated representative, file a response to Petitioners' applications. Said responses were filed in this Court June 19, 1992.

At preliminary examination, a magistrate is charged with making two separate determinations based on the evidence presented: (1) whether a crime has been committed and, if so, (2) whether there is sufficient cause to believe that the defendant is the person that committed the crime. 22 O.S.1991, § 264; *State v. Berry*, 799 P.2d 1131 (Okl.Cr.1990). Title 22 O.S. 1991, § 257, directs the magistrate, after the commencement of the prosecution, to issue subpoenas for any witness required by the prosecutor or the defendant. Under these provisions both the prosecutor and the defendant may subpoena all witnesses which they may choose and offer them for examination at the trial on these two questions. At the hearing all witnesses whose evidence is material and relevant upon these issues should be heard. *Parmenter v. State*, 377 P.2d 842 (Okl.Cr.1963). Further, we held in *Parmenter* that pursuant to 22 O.S.1991, § 259, it is the duty of the magistrate to hear them so long as the evidence relates to the issues involved in the proceeding.

As this Court directed in *Beaird v. Ramey*, 456 P.2d 587 (Okl.Cr.1969), the magistrate must not allow only the State to put on witnesses and then call a halt to the proceeding under the auspices that he has been satisfied with the evidence. This Court further noted in *Beaird* that it would create a most difficult task for the magistrate to pass on the materiality or relevancy of the testimony of a witness without first hearing said witness. The magistrate may then pass upon any objection by the State as to its competency.

We would further note that this Court's decision in *Allen v. District Court*, 803 P.2d 1164 (Okl.Cr.1990), does not change the scope of the examining magistrate at a preliminary hearing but merely restates the jurisdictional limitations imposed by Section 264.

However, we do find it necessary to overturn herein *Magill v. Miller*, 455 P.2d 715 (Okl.Cr.1969), insofar as it is inconsistent with this order. An application for an extraordinary writ is appropriate, as it was in *Beaird*, when a defendant alleges that he or she has been denied the right to produce witnesses or evidence, material to the two issues, at the preliminary hearing.

IT IS THEREFORE THE ORDER OF THIS COURT that Case Nos. CRF–91–278, CRF–90–90 and CRF–92–13 be REMANDED to the examining magistrate to conduct a hearing in conformity with this decision.

The stays imposed in Case Nos. CRF–91–278, CRF–90–90 and CRF–92–13, in the District Court of Mayes County, are hereby LIFTED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge,
Specially Concurring.

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Edgar H. Parks
EDGAR H. PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LUMPKIN, Vice Presiding Judge, specially concurring.

I concur with the Court's analysis and decision in these matters. The Court's decision to overrule *Magill v. Miller*, 445 P.2d 715 (Okl.Cr.1969), as it provided for review of the preliminary hearing proceedings upon an appeal of a conviction in the case, *Id.* at 717, is especially well taken. That part of the decision in *Magill* was rendered without legal predicate, analysis, or statutory authority. In addition, it has always seemed somewhat ludicrous to say this Court would review the bindover procedure on appeal following a trial wherein an ap-pellant was found guilty beyond a reasonable doubt.