**Stephen McLAUGHLIN, Petitioner,**

v.

**The DISTRICT COURT OF DELAWARE COUNTY, The Honorable Larry Oaks, District Judge, and The Honorable Sam C. Fullerton, District Judge, Respondents.**

**No. P 96–107.**

Court of Criminal Appeals of Oklahoma.

April 2, 1996.

*ORDER GRANTING WRIT OF MANDAMUS TO THE HONORABLE SAM C. FULLERTON, DISTRICT JUDGE AND REMANDING FOR FURTHER PROCEEDINGS*

Petitioner is charged in Delaware County District Court with three counts of Lewd Molestation in Case No. CF–95–209 and with ten counts of Lewd Molestation in Case No. CF–95–251. On October 6, 1995, preliminary hearing was held in both matters. The magistrate invoked the automatic cut-off mechanism, pursuant to 22 O.S.Supp.1994, § 258(6), and discontinued the preliminary hearing once she determined the State had shown probable cause. Although defense counsel

requested to call witnesses under 22 O.S.Supp.1994, § 259, the magistrate refused to allow Petitioner to call any witnesses.

After preliminary hearing, counsel for Petitioner determined that the State had not disclosed all "law enforcement reports" prior to the preliminary hearing and moved the District Court to remand the case for further preliminary hearing. The State conceded that it had not disclosed one law enforcement report. The Honorable Larry Oaks, District Judge, denied Petitioner's Motion to Remand for Further Preliminary Hearing. At arraignment on January 3, 1996, Petitioner reurged the motion to remand to the Honorable Sam C. Fullerton, and again his motion was denied.

On January 31, 1996, Petitioner filed in this Court an *Application to Assume Original Jurisdiction and Petition for Alternative Writ of Prohibition and/or Mandamus.* Petitioner asserts in his Application that the District Court of Delaware County has "abridged Mr. McLaughlin's constitutionally guaranteed and statutory right to a fair, full and impartial preliminary hearing." Trial was scheduled to begin February 26, 1996.

On February 15, 1996, this Court issued an *Order Staying Proceedings and Directing Response.* By that Order, the Respondent was directed to answer the following question: Whether the State's failure to disclose all law enforcement reports five (5) days prior to the preliminary hearing renders invalid the automatic cut-off mechanism in 22 O.S.Supp.1994, § 258(6)? The Respondent was granted fifteen (15) days to respond.

On March 5, 1996, Respondent, through Delaware County Assistant District Attorney Barry Denny, filed its Response. Initially, Respondent claims that it complied with the "spirit" of 22 O.S.Supp.1994, § 258(6) by disclosing all law enforcement reports within the prosecutor's knowledge within five days prior to the preliminary hearing. Respondent admits, however, that one (1) law enforcement report was "inadvertently" omitted from the reports made available to defense counsel prior to the preliminary hearing. Respondent asserts that any prejudice was corrected by virtue of the

State's filing a "Notice of Open File" on November 30, 1995.

Respondent argues that Petitioner is using this argument as a delay tactic and discovery tool, claiming that Petitioner had knowledge of the "undisclosed" report at the time of the preliminary hearing and failed to bring it to the magistrate's attention. Respondent also claims that Petitioner did not "timely" file a Notice of Intent to Seek Relief and Designation of Record in the district court and therefore this Court cannot consider the application for extraordinary writ.

A review of the records and arguments presented in this case reveal the following:

1. Preliminary hearing was held October 6, 1995.

2. On September 19, 1995 and September 28, 1995, the District Attorney's office sent letters to defense counsel advising counsel he could (1) contact the Grove Police Department to view items seized in the search and (2) contact investigator Jim Green to make arrangements to view ten specific and listed items of evidence. Neither of the letters reference any law enforcement report.

3. A packet of law enforcement reports was allegedly sent to defense counsel, but the one report in question was inadvertently left out of the packet. Counsel for Petitioner states that no packet of reports was ever received; only a "certificate of service" was received.

4. Respondent admits that the "omitted" report was turned over immediately upon discovery that it had been omitted. However, counsel for Petitioner obtained the report himself through the questioning of a witness he had subpoenaed for the preliminary hearing.

5. Respondent argues that it complied with the "spirit" of 22 O.S.Supp.1994, § 258(6) by filing a "Notice of Open File" which cured any prejudice suffered when Respondent failed to turn over all law enforcement reports. The Notice was filed on November 30, 1995—fifty-five (55) days after the preliminary hearing.

6. Respondent argues that counsel for Petitioner knew of the missing law en-. forcement report at the time of the preliminary hearing, but did not bring it to the attention of the magistrate. The record does not reveal exactly when counsel for Petitioner learned of the missing report, but counsel for Petitioner did move to call witnesses under 22 O.S.Supp.1994, § 259, notwithstanding the finding of probable cause.

7. Respondent claims the "omitted" report does not "relate to the charges filed against Petitioner," but admits that it was made as part of the investigation of Petitioner to determine if there were other victims of molestation.

8. Petitioner timely filed his Notice of Intent to Seek Extraordinary Relief in the district court. Petitioner initially presented his Motion to Remand for Further Preliminary Hearing on October 31, 1995. Judge Oakes heard the Motion on December 7, 1995 and denied the Motion on December 15, 1995. Petitioner renewed the Motion to Judge Fullerton and Judge Fullerton denied the Motion on January 3, 1996. Petitioner filed his Notice of Intent to Seek Extraordinary Relief on January 4, 1996 and his Application for Extraordinary Writ was filed in this Court on January 31, 1996.

■ Section 258 of Title 22 was amended in 1994 to require the magistrate to "cut-off" the preliminary hearing once a showing of probable cause is made. The pertinent portion of Section 258 reads:

Sixth. A preliminary magistrate shall have the authority to limit the evidence presented at the preliminary hearing to that which is relevant to the issues of: (1) whether the crime was committed, and (2) whether there is probable cause to believe the defendant committed the crime. **Once a showing of probable cause is made the magistrate shall terminate the preliminary hearing and enter a bindover order; provided, however, that the preliminary hearing shall be terminated only if the state made available for inspection law enforcement reports** within the prosecuting attorney's knowledge or possession at the time to the defendant five (5) working days prior to the date of the preliminary hearing. In the alternative, upon agreement of the state and the defendant, the court may terminate the preliminary hearing once a showing of probable cause is made.

22 O.S.Supp.1994, § 258(6) (emphasis added). Prior to the 1994 amendment, a preliminary hearing magistrate was required to hear defense witnesses whose evidence was material and relevant upon the issues to be heard. 22 O.S.1991, §§ 257–259; *See Wyrick v. District Court of Mayes County*, 839 P.2d 1376, 1377 (Okl.Cr.1992); *Parmenter v. State*, 377 P.2d 842 (Okl.Cr.1963).

■ The language of 22 O.S.Supp.1994, § 258(6) is clear and reflects that the "automatic cut-off provision" applies only if the State meets a certain condition precedent—a preliminary hearing shall be terminated **"only if the state made available for inspection law enforcement reports"** five days prior to the preliminary hearing. A statute must be held to mean what it plainly expresses and no room is left for construction and interpretation where the language employed is clear and unambiguous. *Jones v. State*, 542 P.2d 1316, 1333 (Okl.Cr.1975); *King v. State*, 270 P.2d 370, 372 (Okl.Cr. 1954).

There is no ambiguity in 22 O.S.Supp.1994, § 258(6). When the legislature amended the preliminary examination provisions in 1994, it took away a valuable benefit from the defendant—the ability to call witnesses at preliminary hearing. The legislature took away the defendant's unquestioned ability to call witnesses at the preliminary hearing, conditionally upon the State's disclosure of all law enforcement reports five days prior to the preliminary hearing.

In this case, the State admits it did not disclose all law enforcement reports five working days prior to preliminary hearing. Therefore, because the State did not fulfill the condition precedent which invokes the "automatic cut-off provision" of 22 O.S.Supp. 1994, § 258(6), this Court is now presented

with the question of how to remedy the situation.

Prior to the 1994 amendment to the preliminary examination provisions, particularly sections 258 and 259, a defendant in this State had the right to produce evidence material to the two issues to be decided at the preliminary hearing. *Beaird v. Ramey,* 456 P.2d 587, 589 (Okl.Cr.1969) This Court noted in *Beaird* that a preliminary hearing permitted the defendant to preserve testimony of witnesses and that it was used as a procedure whereby the defendant might discover what testimony is to be used against him at trial. *Id.*

In 1994, when the legislature amended the preliminary examination provisions in Title 22, it took away the defendant's right to call witnesses only if the State disclosed law enforcement reports prior to preliminary hearing. The "only if" language implies that the legislature intended the benefit of calling witnesses not to be eliminated unless the State complied with the condition precedent of disclosing law enforcement reports. Respondent failed to disclose all law enforcement reports, as required by the clear and unambiguous language of 22 O.S.Supp.1994, § 258(6). Therefore, Petitioner should be allowed the benefit of calling witnesses at the preliminary hearing.

***THEREFORE IT IS THE ORDER OF THIS COURT*** that Delaware County District Court Case Nos. CF–95–205 and CF–95–251 should be, and are hereby, ***REMANDED*** to the examining magistrate for further preliminary hearing in conformity with this decision.

The stay imposed in Case Nos. CF–95–205 and CF–95–251 in the District Court of Delaware County is hereby ***LIFTED.***

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge