1998 OK CR 65

**William D. LaFORTUNE, District Attorney, Tulsa County, Oklahoma, Petitioner,**

v.

**The DISTRICT COURT OF TULSA COUNTY, State of Oklahoma, and the Honorable J.S. Harris, District Court Judge, Respondents.**

Nos. P 98–505, P 98–506.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1998.

## ORDER DENYING PETITIONS FOR WRIT OF PROHIBITION.

¶ 1 The Petitioner, the State of Oklahoma, has filed petitions for writs of prohibition challenging orders entered by the Honorable Jesse S. Harris, District Judge, remanding Tulsa County District Court Case Nos. CF–97–4902 and CF–97–3813 for further preliminary hearing. Before addressing the issues, this Court requested a response from Judge Harris, or his designated representative. Attorneys for the defendants in Case Nos. CF–97–4902 and CF–97–3813 have responded as the designated representatives of Judge Harris.

¶ 2 According to the briefs and the record presented, the defendants in each of the District Court cases wanted to call police officers as witnesses at the preliminary hearing. The defendants had not requested, and the State had not made available, law enforcement reports relating to the case. The defendants were unable to make a proper offer of proof that the police officers' testimony would be relevant to the issues of a preliminary hearing. The magistrate in each case ruled that the defendants could not call the police officers as witnesses without first making a proper offer of proof of the relevance of their testimony pursuant to 22 O.S.Supp.1997, § 259. Each magistrate subsequently found probable cause that a crime was committed and that the defendant committed the crime, and bound each defendant over for trial on the charges.

¶ 3 During pre-trial proceedings in each case, each defendant filed a motion to remand the case for further preliminary hearing, noting the State had not provided law enforcement reports [1] to the defense prior to

---

1. In district court proceedings, the parties and the court discussed providing and sharing the State's file or the prosecution file. The only material at issue in this matter are "law enforce- ment reports within the prosecuting attorney's knowledge or possession" and not the State's or prosecution file. 22 O.S.Supp.1997, § 258(Sixth); *see also* 22 O.S.Supp.

the preliminary hearing. The defendants cited this Court's decision in *McLaughlin v. District Court of Delaware County,* 1996 OK CR 11, 915 P.2d 919, to argue that because the State had not produced law enforcement reports[2] prior to the preliminary hearing, they were unable to make an offer of proof as to the relevance of the testimony, the magistrate could not cut off the preliminary hearing, and they should have unlimited ability to call witnesses. In each case, the State acknowledged they had not made available law enforcement reports,[3] but argued production of the reports was only required for the magistrate to cut off the preliminary hearing under 22 O.S.Supp.1997, § 258 (Sixth), and was not required when the preliminary hearing was proceeding under 22 O.S.Supp.1997, § 259.

¶4 Judge Harris remanded the cases for further preliminary hearing because the State had not made law enforcement reports[4] available to the defendants prior to the preliminary hearing. Judge Harris found it was difficult and unfair for a defendant to make an offer of proof as to the relevance of the testimony of defense witnesses without access to the State's file and the information contained therein.

¶5 The State contends Judge Harris has nullified the provisions of 22 O.S.Supp.1997, § 259, by effectively allowing the defendants to produce witnesses without meeting the requirement in Section 259 of offering proof of the relevancy of the testimony of the witnesses. The State prays that this Court issue a writ of prohibition to Judge Harris directing him not to enforce the order remanding the cases for further preliminary hearing.

¶6 This Court finds the State has not met its burden of establishing the respondent has or is about to exercise judicial power that is unauthorized by law. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998).[5] While we concur in the results reached by Judge Harris, we do not agree with the rationale used to reach that result.

¶7 The task in addressing this matter is to interpret and reconcile laws passed concurrently by the Oklahoma Legislature in 1994 which amended preliminary hearing procedures and enacted the Oklahoma Criminal Discovery Code. 22 O.S.Supp.1997, §§ 258–59; 22 O.S.Supp.1997, §§ 2001–02; *see State v. Martin,* 1998 OK CR 35, ¶4, n. 1, 959 P.2d 982, 983 (the amendments to preliminary hearing procedures and the Oklahoma Criminal Discovery Code enacted concurrently in 1994 by the Oklahoma Legislature must be considered as a whole). In 1994, the Legislature amended preliminary hearing procedures to allow magistrates to limit evidence and to require magistrates to terminate the hearings as follows:

A preliminary magistrate shall have the authority to limit the evidence presented at the preliminary hearing to that which is relevant to the issues of: (1) whether a crime was committed, and (2) whether there is probable cause to believe the defendant committed the crime. Once a showing of probable cause is made the magistrate shall terminate the preliminary hearing and enter a bindover order; provided, however, that the preliminary hearing shall be terminated only if the state made available for inspection law enforcement reports within the prosecuting attorney's knowledge or possession at the time to the defendant five (5) working days prior to the date of the preliminary hearing. In the alternative, upon agreement of the state and the defendant, the court may terminate the preliminary hearing once a showing of probable cause is made.

22 O.S.Supp.1997, § 258 (Sixth). Further amendments limited a defendant's ability to present evidence as follows:

When the examination of the witnesses on the part of the state is closed, any wit-

1997,§ 2002(D) (refers to the law enforcement reports as "police reports").

**2.** *See supra* note 1.

**3.** *See supra* note 1.

**4.** *See supra* note 1.

**5.** The State has cited no law or authority which prohibits a trial judge from remanding a case for further preliminary hearing.

nesses the defendant may produce may be sworn and examined upon proper offer of proof made by defendant and if such offer of proof shows that additional testimony is relevant to the issues of a preliminary examination.

22 O.S.Supp.1997, § 259. The Legislature also enacted the Oklahoma Discovery Code setting the time for discovery as being after the preliminary hearing with one exception: "[m]otions for discovery may be made at the time of district court arraignment or thereafter; provided that requests for police reports may be made subject to the provisions of Section 258 of this title." 22 O.S.Supp.1997, § 2002(D). In interpreting these statutes, we must construe them in conjunction with each other and give effect to the intent of the Legislature. *State v. Day*, 1994 OK CR 67, ¶ 10, 882 P.2d 1096, 1098.

■ ¶ 8 Contrary to the analysis used by Judge Harris, and the arguments made by the parties in this matter, the provision "ma[king] available for inspection law enforcement reports" cannot be interpreted as a means of assisting or allowing a defendant to make an offer of proof as to the relevance of the testimony of defense witnesses. The provisions making available law enforcement reports are only contained in Section 258(Sixth) which deals with termination of the preliminary hearing. Such provisions are not repeated or contained in Section 259 which creates the requirement that a defendant make the offer of proof concerning defense witnesses. The Discovery Code also makes a distinction between the sections by limiting discovery until after the preliminary hearing, but specifically referring to Section 258 in providing an exception allowing early access to law enforcement reports. The Discovery Code does not refer to Section 259 and does not provide an exception to assist or allow a defendant to make an offer of proof as to the relevance of testimony of defense witnesses.

■ ¶ 9 Moreover, it would defy common sense to find, in interpreting the statutes, that law enforcement reports must be provided before the preliminary hearing in order for the defendant to be able to make an offer of proof as to the relevance of testimony of defense witnesses. If the law enforcement reports are properly made available and probable cause is shown during the State's evidence, the magistrate is required to terminate the preliminary hearing. 22 O.S.Supp.1997, § 258 (Sixth). If the preliminary hearing is so terminated, the defendant would not even be allowed to call defense witnesses, and having the law enforcement reports in order to make an offer of proof as to the relevance of their testimony would be useless. *Id.* Therefore, these cases should not be remanded for further preliminary hearing because the defendants could not make, or were restricted in making, an offer of proof as to the relevance of testimony of defense witnesses, due to the fact law enforcement reports were not made available.

¶ 10 In the 1994 legislation, the Legislature accepted a challenge issued by this Court for decades[6] by limiting the purpose and scope of the preliminary hearing, and thus limiting opportunities for the defendant to benefit therefrom. The Legislature has clearly provided that a defendant shall not have unlimited ability to call defense witnesses at the preliminary hearing, and has thus eliminated the preliminary hearing as a discovery forum. 22 O.S.Supp.1997, § 2002(D) (the time for discovery is after arraignment); 22 O.S.Supp.1997, § 259 (a defendant's ability to call witnesses is limited to testimony proven to be relevant to preliminary hearing issues); *compare Beaird*, 1969 OK CR 195, ¶ 8, 456 P.2d at 589 (one of the purposes previously served by the preliminary hearing is providing a procedure whereby defendant may discover what testimony is to be used against him at the trial). The Legislature has enacted a procedure which can allow only the State to put on witnesses,

**6.** Since its enactment in 1910, Section 259 has provided that "any witnesses the defendant may produce **must** be sworn and examined" at the preliminary examination. 22 O.S.1991, § 259 (emphasis added). This Court has held that Section 259 should be complied with as written, or repealed. *E.g. Beaird v. Ramey*, 1969 OK CR 195, ¶ 4, 456 P.2d 587, 589; *Shapard v. State*, 1967 OK CR 197, 437 P.2d 565 (Nix, J., specially concurring, ¶ 1); *Parmenter v. State*, 1963 OK CR 1, ¶ 24, 377 P.2d 842, 845.

and which requires the magistrate to call a halt to the preliminary hearing if he is satisfied with the evidence. 22 O.S.Supp.1997, § 258(Sixth); *compare Beaird*, 1969 OK CR 195 at ¶ 6, 456 P.2d at 589 (previous versions of Sections 258 and 259 did not allow such a procedure).

¶ 11 The 1994 legislation must be held to mean what it plainly expresses, and no room is left for construction and interpretation where the language is clear and unambiguous. *McLaughlin*, 1996 OK CR 11, ¶ 9, 915 P.2d at 921. The 1994 legislation cannot be warped or twisted and interpreted to suit the converse of a particular situation, and it must be applied as written unless it constitutes a denial of that type of preliminary hearing allowed by the Constitution. *Beaird*, 1969 OK CR 195, ¶¶ 5, 11, 456 P.2d at 589–90. The Oklahoma Constitution provides that "[n]o person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." Okla. Const. Art. 2, § 17. At the preliminary hearing, a defendant must not be denied his Constitutional right to be confronted with his accusers, and must be allowed to produce evidence material to the two issues in a preliminary hearing. *Beaird*, 1969 OK CR 195, ¶ 7, 456 P.2d at 589. It is apparent that the Legislature provided for law enforcement reports to be made available for inspection in order for the defendant (1) to prepare to cross-examine the State's witnesses with whom he is confronted, and (2) to ensure that the preliminary hearing is not terminated when evidence material to the two issues in a preliminary hearing, such as an alibi, is not contained in the State's presentation of evidence.[7] 22 O.S.Supp.1997, § 258 (Sixth); *Beaird*, 1969 OK CR 195, ¶¶ 6, 7, 456 P.2d at 589.

¶ 12 The State argues it is only necessary to make available law enforcement reports if the case is proceeding under 22 O.S.Supp. 1997, § 258 (Sixth), and the magistrate invokes the termination, or "cut-off", provision

in that section. The State asserts that neither of the District Court cases proceeded under 22 O.S.Supp.1997, § 258 (Sixth) and neither of the magistrates invoked the cut-off provision. Therefore, the State argues it was not necessary to make available law enforcement reports since the cases proceeded under 22 O.S.Supp.1997, § 259. The State contends Judge Harris has erred as a matter of law in remanding the cases for further preliminary hearing because law enforcement reports were not made available to the defendants.

¶ 13 Contrary to the State's assertions, all criminal cases must proceed under and through 22 O.S.Supp.1997, § 258 (Sixth), before they can proceed under and through 22 O.S.Supp.1997, § 259. Only if the magistrate is not required to terminate the preliminary hearing can the criminal case proceed through the close of the State's evidence and the presentation of evidence by the defendant. 22 O.S.Supp.1997, §§ 258 (Sixth) and 257. The decision to invoke the cut-off rule should be, and is made by the magistrate, with the State obligated to meet its requirement of making available law enforcement reports so the magistrate can utilize the rule and make such a decision when necessary in every criminal case. 22 O.S.Supp.1997, § 258 (Sixth). A magistrate's decision to invoke the cut-off rule cannot be enforced if the State does not make available all law enforcement reports to the defendant. *McLaughlin*, 1996 OK CR 11, ¶ 11, 915 P.2d at 921–22.

¶ 14 We do not believe, and cannot find from the text of the 1994 legislation, that the Legislature intended to allow the State to elect whether the preliminary hearing should proceed under Section 258 (Sixth) or 259, or to determine when the cut-off rule can be invoked, by either making available or refusing to make available law enforcement reports. 22 O.S.Supp.1997, §§ 258 (Sixth) and 259; *see also McLaughlin, supra*. Moreover, we do not believe production of the law enforcement reports is contingent upon a

---

7. We are confident magistrates of this State will not terminate the preliminary hearing when there is reason to believe that evidence material

to the decision on the two issues of a preliminary hearing has not been presented.

request by the defendant for such reports.[8] There is no requirement in Section 258 (Sixth) that such a request be made, and the decision in *McLaughlin* was not contingent upon the defendant requesting such reports. 22 O.S.Supp.1997, §§ 258(Sixth); *McLaughlin, supra.*

¶ 15 Finally, all criminal defendants, and not just those whose preliminary hearing is terminated, need the law enforcement reports the Legislature has made available in order to prepare to cross-examine the State's witnesses with whom they are confronted, and to ensure that the preliminary hearing is not terminated when evidence material to the two issues in a preliminary hearing is not contained in the State's presentation of evidence. 22 O.S.Supp.1997, § 258 (Sixth); *Beaird*, 1969 OK CR 195, ¶¶ 6, 7, 456 P.2d at 589. Therefore, this Court finds that the Legislature intended for the State to make available law enforcement reports to the defendant five (5) working days prior to the date of preliminary hearing in all criminal cases, so magistrates can utilize the cut-off rule, and defendants can prepare and ensure evidence material to the two issues in a preliminary hearing is presented.

¶ 16 Because the State did not make available for inspection law enforcement reports within the prosecuting attorney's knowledge or possession at the time to the defendant five (5) working days prior to the date of the preliminary hearing in Case Nos. CF–97–4902 and CF–97–3813, Judge Harris did not err in remanding those cases for further preliminary hearing. The remand will allow the State to properly make available the law enforcement reports to the defendants. It will also allow the defendants additional means to prepare to cross-examine the State's witnesses with whom they are confronted, and to further ensure that the preliminary hearing is not terminated when evidence material to the two issues in a preliminary hearing is not contained in the State's presentation of evidence. The defendants will receive the added benefit of having the law enforcement reports available to as-

sist in making any necessary offer of proof of the relevance of defense witness testimony. Therefore, the State's petitions for writ of mandamus in Case Nos. CF–97–4902 and CF–97–3813 should be, and are hereby, **DENIED.**

¶ 17 **IT IS SO ORDERED.**

¶ 18 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 11th day of December, 1998.

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge—Dissents

/s/ James F. Lane
JAMES F. LANE,
Judge—Dissents in part

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LUMPKIN, Judge: Dissent.

¶ 1 I must respectfully dissent to the Court's decision in this case. I cannot join in the labyrinth analysis which disregards pertinent facts upon which this decision is based and voids a properly enacted legislative procedure to achieve a result not intended.

¶ 2 The order omits setting out the fact that the preliminary hearing in each of these cases was not conducted pursuant to the automatic termination procedure set out in 22 O.S.Supp.1994, § 258 (Sixth). In each case, the State called its witnesses and rested. Thereafter, in Case No. P–98–506, the defendant made a proper offer of proof, called two (2) witnesses and examined them before the magistrate. However, the defendant desired to call additional witnesses who were not present at that time and had not been subpoenaed. It was at that juncture of the proceeding the magistrate inquired of the

---

8. The Discovery Code refers to the "requests for police reports" made under Section 258. 22 O.S.Supp.1997, § 2002(D).

defendant pursuant to Section 259, regarding the relevance of the proposed testimony to the issues related to the preliminary examination. The defendant then advised the magistrate the offer of proof required under Section 259 concerning the relevance of the testimony could not be made due to the fact the State had not provided the law enforcement reports. The magistrate determined the defendant had failed to comply with Section 259, and terminated the preliminary hearing with a bind over order. In Case No. P-98-505, the magistrate asked the defense if it had witnesses to call. The defense made an offer of proof as to one witness and that witness was allowed to testify. The defense then asked to call witnesses who were present outside the courtroom. When asked to provide an offer of proof as to relevancy, the defense responded it had not spoken with the witnesses and could not provide the Court with an offer of proof. Once again, the preliminary hearing was terminated with a bind over order.

¶ 3 With all due respect to my colleagues joining in this order, a fair reading of the language of the order indicates rather than following legislative intent and applying the language of the applicable statutes, the Court disregards each.

¶ 4 Recently, we recognized in *State v. Martin*, 1998 OK CR 35, ¶ 4, 959 P.2d 982, 983, n. 1, that the amendments to the preliminary hearing procedures and the Oklahoma Criminal Discovery Code (Discovery Code), enacted concurrently in 1994 by the Oklahoma Legislature, must be considered as a whole. 22 O.S.Supp.1997, §§ 2001–2002; 22 O.S.Supp.1997, §§ 258 and 259. The new Discovery Code provides that motions for discovery or disclosure of evidence by both parties in a criminal case cannot be made until after the preliminary hearing. 22 O.S.Supp.1997, § 2002(D). The Legislature has thus established the time period and method for defendants to discover and obtain materials and information contained in the State's files. The **only exception** is requests for police reports may be made subject to the provisions of Section 258 of Title 22. *Id.*

¶ 5 Section 258 (Sixth) states that a preliminary hearing shall be terminated and a bind over order entered "once a showing of probable cause is made," but only if the State made available for inspection all law enforcement reports within its knowledge or possession five (5) working days prior to the preliminary hearing. Because the Discovery Code was enacted concurrently, it is apparent the Legislature did not intend for Section 258 (Sixth), and its provision making available law enforcement reports, to any longer be a discovery forum for a defendant. In fact, it appears the Legislature has voided our prior caselaw on this issue by its enactment. *E.g. Beaird v. Ramey*, 1969 OK CR 195, ¶ 7, 456 P.2d 587, 589. This interpretation is reinforced by the language of Section 258 (Seventh) which provides "[t]he purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the crime." 22 O.S.Supp.1997, § 258 (Seventh). Moreover, the enactment of the Discovery Code, together with the amendments to 22 O.S.Supp.1994, § 761 *et seq.*, have now supplanted the preliminary hearing as the vehicles for discovery in criminal cases.

¶ 6 It appears the Legislature intended for Section 258 (Sixth) to be limited to ensuring that, before the preliminary examination is terminated, a defendant is not denied any constitutional requirements and is given adequate means of preparing to confront the witnesses against him at the preliminary hearing. Thus, a defendant not receiving law enforcement reports five working days prior to the preliminary hearing would be afforded the opportunity to cross-examine the State's witnesses and present evidence at the preliminary hearing under Section 258 (Sixth) and Section 259 if the evidence was relevant and contradicted the evidence being presented by the State, or if it might indeed prove that one or both of the elements of the preliminary hearing cannot stand.

¶ 7 As previously stated, the Discovery Code does not allow any discovery until after the preliminary examination, but provides an exception for "requests for police reports ... made subject to the provisions of Sections 258 of this title." 22 O.S.Supp.1997, § 2002(D). Thus, when read in conjunction, Section 2002(D) provides that if the State has

not provided copies of the police reports, the defendants may request the law enforcement reports referred to by the provisions of Section 258. This procedure allows a defendant access to the information needed to make an offer of proof. However, if the State has complied with the defendant's request for law enforcement reports, then a magistrate can terminate a preliminary examination pursuant to Section 258 (Sixth). *Compare McLaughlin* 1996 OK CR 11, ¶ 2, 915 P.2d at 920 (whether the defendant requested law enforcement reports was not at issue, but the state acknowledged an obligation by conceding it had not disclosed one report). If a defendant has made a discovery request and the State has not complied with a request for law enforcement reports, then the defendant can seek sanctions or petition for an extraordinary writ to compel compliance pursuant to the provisions of the Discovery Code. However, the defendants did not attempt to use the Discovery Code in these cases to obtain any reports they viewed as necessary to make their offer of proof for witnesses.

¶ 8 In the present cases, it appears Judge Harris, and now a majority of this Court, have nullified the provisions of 22 O.S.Supp. 1997, § 259, by effectively allowing the defendants to produce witnesses without meeting the requirement in Section 259 of offering proof of the relevancy of the testimony of the witnesses. Even though the State on its own did not make available law enforcement reports for the defendants, the defendants could have requested reports pursuant to Section 2002(D) of Title 22 to have the data they needed to make an offer of proof. Therefore, a remand for further preliminary hearing is not warranted under the law and facts in this case.

¶ 9 The Court in this order disregards the above application of the plain provisions of the statutes in question and proceeds to rewrite these legislative enactments. In substance, the Court tells the Legislature it does not like the way it wrote these statutes. Now the Court says in all preliminary hearings the State **must** provide law enforcement reports to the defendant five (5) working days prior to the date of the preliminary hearing. By doing that, the Court says all

preliminary hearings "shall be terminated" once a showing of probable cause is made. Because the Court now mandates an automatic termination of the preliminary hearing, Section 259 has been judicially repealed. The reason Section 259 is now nullified is due to the fact under Section 258 (Sixth), the magistrate is mandated to terminate the preliminary hearing and enter a bind over order once a showing of probable cause is made in cases where the law enforcement reports were made available for inspection by the defense five days prior to the preliminary hearing. That showing of probable cause may in some situations be made upon the testimony of the State's first witness, theoretically without cross-examination. Rather than clarifying, the Court now confuses and creates a tangled web of discussion in its order that abrogates a procedure lawfully enacted by the Oklahoma Legislature.

¶ 10 For these reasons, I must respectfully dissent to the Court's action in this matter.

LANE, J.: Concurs in Result in Part and Dissents in Part.

¶ 1 As this Court is sometimes prone to do, the majority has made this case much more complicated than it really is. Since the trial court did not use 22 O.S.Supp.1994, § 258 (Sixth) to terminate the preliminary examination, that section has nothing to do with this matter. The judge used 22 O.S.Supp.1994 § 259 to prohibit the defendants from calling certain witnesses because they did not make the proper offer of proof. This is the only statute that concerns us today. It reads:

When the examination of the witnesses on the part of the state is closed, any witnesses the defendant may produce may be sworn and examined upon proper offer of proof made by defendant and if such offer of proof shows that additional testimony is relevant to the issues of a preliminary examination.

In my opinion, Sections 258 and 259 are independent declarations of the legislature even though they were passed at the same time. Section 259 requires the offer of proof *anytime* the defendant wishes to call a wit-

ness. It is not dependent on whether the magistrate terminates the preliminary hearing under Section 258.[1] On review, the issue is whether the magistrate abused his discretion in refusing to hear the witnesses.

¶2 The defendants claim that they could not make the required offer of proof because they did not have the police reports. The defendants did not request the reports as authorized by 22 O.S.Supp.1997, § 2002(D). Furthermore, the defendants were not limited to the reports as their only source of obtaining the information needed to make the offer of proof. Interviews and other investigative techniques could be used. In one of the cases, P-98-505, the defendant wanted to call witnesses who were present in the court house. He did not ask for a short recess to talk to them so that he could make his offer of proof. He merely stated that he was unable to do so because of a lack of reports. I would not remand this case for further preliminary.

¶3 We have a different situation in case P-98-506. When the magistrate asked if the defendant had any witnesses, the reply was that there were other witnesses available to the court at that time, but he did not know what they would say. He needed a short amount of time to talk to them so that he could make his offer of proof. In my opinion, the magistrate abused his discretion in not allowing a brief recess for that purpose. I therefore agree that this case should be remanded for further preliminary, but for a different reason than the majority.

---

**1.** Since it is not presented to us in this case, I leave the issue of whether a defendant can call witnesses even when Section 258 has been in-voked as long as the witnesses directly contradict the evidence relied upon by the magistrate to a time when it is properly presented.