2012 OK CR 10

**OFFICE OF THE STATE CHIEF MEDICAL EXAMINER, ex rel. E. Scott Pruitt, Attorney General, State of Oklahoma, ex rel. Fred C. Smith, District Attorney, District Five, State of Oklahoma, Petitioners,**

v.

**The Honorable Joe B. REEVES, Special Judge, Fifth Judicial District, Respondent.**

No. PR–2012–0266.

Court of Criminal Appeals of Oklahoma.

June 22, 2012.

***ORDER GRANTING EXTRAORDINARY RELIEF AND REMANDING MATTER TO DISTRICT COURT***

¶ 1 On March 26, 2012, Petitioners, by and through Megan B. Tilly, Assistant Attorney General, and Mark R. Stoneman, Assistant District Attorney, Fifth District, filed a joint application for a stay of the Magistrate's order requiring the compelled attendance of witness Inas Yacoub, M.D., Office of the State Chief Medical Examiner, at the preliminary hearing of Defendant Jimmy Nazario, Jr., on April 11, 2012, in Comanche County District Court Case No. CF–2011–570. Defendant Nazario was charged December 7, 2011, with Murder in the Second Degree. Petitioners also filed a combined application for this Court to assume original jurisdiction and petition for a writ of prohibition.

¶ 2 Petitioners submit that the Magistrate's order issued February 24, 2012, requiring the compelled attendance of Dr. Yacoub at the preliminary hearing is contrary to the provisions of Section 751(C) of Title 22

and prior case law. *See Randolph v. State,* 2010 OK CR 2, ¶¶ 30–31, 231 P.3d 672, 681–682.

¶ 3 The State sets forth that more than five days prior to the scheduled preliminary examination, the assigned prosecutor served a copy of the Autopsy Report on Defendant Nazario's attorney. The manner of death was reported as a "homicide" with the probable cause of death being a "gunshot wound to the chest." In Defendant Nazario's motion to compel the attendance of the medical examiner at the preliminary hearing, he stated, without more, "[t]hat there is a substantial likelihood that material not contained in this report may be produced by the testimony of the person having prepared the report." 22 O.S.2011, § 751(C).

¶ 4 The State argues that in the hearing before Judge Reeves on February 28, 2012, Defendant Nazario's attorney failed to make any showing there was any evidence not contained in the report material for purposes of a probable cause preliminary hearing and that it was substantially unlikely that such material evidence would be produced by the medical examiner at the preliminary hearing, as required by Section 751(C). The State also argues that at no point during the hearing before Judge Reeves or in the written order compelling the attendance of the Medical Examiner, did Judge Reeves indicate: "(1) what material evidence was not contained in Dr. [Inas] Yacoub's Report of Autopsy; (2) the basis for finding this unidentified evidence was material for purposes of Defendant's Preliminary Hearing; (3) the basis for finding there was a substantial likelihood such unidentified material evidence would be produced by Dr. Yacoub's testimony at Defendant's Preliminary Hearing."

¶ 5 The State seeks an extraordinary writ arguing that Judge Reeves acted without legal authority by ordering the compelled attendance of witness Inas Yacoub, M.D., Office of the Chief Medical Examiner, at the preliminary hearing of Defendant Nazario, contrary to the provisions of Section 751 of Title 22, and that the Office of the State Chief Medical Examiner and the State of Oklahoma have suffered an injury for which they are without an adequate remedy at law.

The State seeks a writ of prohibition from this Court to prohibit enforcement of Judge Reeve's order compelling the attendance of Dr. Yacoub, Office of the State Chief Medical Examiner, at the preliminary hearing of Defendant Nazario. Petitioners argue that the Magistrate's order requiring the compelled attendance of Dr. Yacoub at the preliminary hearing is contrary to the provisions of Section 751(C) of Title 22 and prior case law.

¶ 6 In an Order issued April 3, 2012, the Honorable Joe B. Reeves, Special Judge, or his designated representative, was directed to file a response to Petitioners' application to this Court. All proceedings in the District Court were stayed in this matter pending resolution by this Court of Petitioners' application. The Response by Judge Reeves was filed in this Court on May 2, 2012.

¶ 7 While these findings are not found in the transcript of the hearing held February 28, 2012, or the orders issued by Judge Reeves on February 24, 2012, February 29, 2012, or March 1, 2012, Judge Reeves now sets forth that he concluded that there appeared to be a substantial likelihood that material evidence "not contained in the medical examiner's amended report 'may' be produced by the testimony of the medical examiner to testify, among other things, as to why, when and how the medical examiner's report was amended and what, if any, consideration was given to those matters raised by defense counsel's offers of proof, all of which concerns the medical examiner's proficiency, the care taken by the medical examiner in performing his work, if all protocols were followed and his veracity; all of which is material, and potentially could change the theory of the case or cause the state and/or the defendant to change their strategy." He states that he "foresaw no harm to the Petitioners by such ruling which would also preclude any issue(s) relating to surrogate testimony." In reaching this conclusion he states that he considered *Randolph v. State,* 2010 OK CR 2, 231 P.3d 672; *LaFortune v. District Court of Tulsa County,* 1998 OK CR 65, 972 P.2d 868; *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314

(2009); and *Bullcoming v. New Mexico*, ——— U.S. ———, 131 S.Ct. 2705, 2722, 180 L.Ed.2d 610 (2011).

¶ 8 The State filed a supplemental brief in this Court on May 3, 2012. The State argues that Respondent's reliance on the above cited cases is misplaced. The State submits that *Crawford, Melendez–Diaz* and *Bullcoming* all address a defendant's Sixth Amendment Confrontation Clause rights at trial, not at preliminary hearing. In *Randolph v. State*, 2010 OK CR 2, ¶ 32, 231 P.3d 672, this Court noted that *Melendez–Diaz* applies the Confrontation Clause "strictly within the confines of a criminal trial." The State, therefore, argues that these cases are simply not applicable to restrictions on a defendant's more limited right to confrontation at a preliminary hearing.

¶ 9 On May 14, 2012, Defendant Jimmy Nazario, Jr., by and through his attorney, Kenneth C. Rhoads, filed a response to the State's petition. The Defendant argues that the Magistrate "obviously" found merit in his assertion of a discrepancy between the apparent physical injury to the decedent in Exhibit 1 (four photographs of the decedent) and the alleged finding of the Medical Examiner in Exhibit 2 (Addendum to December 5, 2011, Report of Autopsy with Report of Laboratory Analysis). The Defendant asserts that the Magistrate's ruling "infers" its approval of his argument "that the extraordinarily high blood alcohol content of the decedent warrants live testimony of the Medical Examiner's Office to respond to the Defendant's queries as to (a) thinning of the blood, (b) the decedent's ability to walk the long distance he did before expiration, (c) the decedent's judgment and response time, and (d) if the decedent would have survived had he received medical treatment in a more timely manner."

¶ 10 The Defendant also argues that the lack of accreditation of the Medical Examiner's Office renders the Medical Examiner's report inadmissible hearsay. This issue, however, was not raised below and is, therefore, not properly before this Court.

¶ 11 For a writ of prohibition Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch. 18, App. (2012). Based upon this record, we find the State has met its burden for an extraordinary writit.

■ ¶ 12 As set forth in *Randolph v. State*, 2010 OK CR 2, ¶ 30, 231 P.3d 672, 682:

> The Oklahoma Constitution, Article II, section 17, establishes the right to preliminary examination in felony prosecutions. "Quite simply, a preliminary examination is not a trial." [*State v.*] *Tinkler*, [1991 OK CR 73]¶ 10, 815 P.2d [190,] at 192. The scope of the right to confrontation of accusers at preliminary examination, like the scope of a preliminary examination itself, is subject to reasonable legislation. *LaFortune*, ¶ 10, 972 P.2d at 871 (noting that 1994 legislative amendments to Title 22 substantially limited scope and purpose of preliminary examination). The Supreme Court, in a unanimous opinion by Justice Marshall, long ago acknowledged the important distinction between the two proceedings in a case from Oklahoma, *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968): "The right to confrontation is basically *a trial right.* It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. *A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists* to hold the accused for trial." *Barber* [*v. Page*], 390 U.S. [719,] at 725, 88 S.Ct. [1318,] at 1322 (emphasis added).

■ ¶ 13 The only issues at Preliminary Hearing are: (1) whether there is probable cause that a crime was committed and (2) whether there is probable cause to believe the defendant committed the crime. 22 O.S. 2011, § 258. *See also State v. Heath*, 2011 OK CR 5, ¶ 7, 246 P.3d 723, 725. As set forth in *LaFortune v. District Court of Tulsa*

*County,* 1998 OK CR 65, ¶ 10, 972 P.2d 868, 871: "The Legislature has clearly provided that a defendant shall not have unlimited ability to call defense witnesses at the preliminary hearing, and has thus eliminated the preliminary hearing as a discovery forum."

¶ 14 Further, Section 751(A) of Title 22 directs that at any hearing prior to trial, the autopsy report of the medical examiner, when certified as correct by the persons making the report, shall be received as evidence of the facts and findings stated, and admitted into evidence without the testimony of the person making the report *unless,* as set forth in 751(C), the court finds "there is a substantial likelihood that material evidence not contained in such report may be produced by the testimony of the person having prepared the report." Based upon the record in this case, we find there is not a substantial likelihood that material evidence that is not contained in this report to determine 1) whether there is probable cause a crime was committed and 2) whether there is probable cause to believe the defendant committed the crime, could be produced by the requested witness.

¶ 15 Accordingly, the application for extraordinary relief is **GRANTED.** The stay imposed by this Court in its April 3, 2012, Order is **LIFTED.** The matter is **REMANDED** to the District Court for further proceedings consistent with this Order.

¶ 16 **IT IS SO ORDERED.**

¶ 17 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 22nd day of June, 2012.

/s/ ARLENE JOHNSON, P.J., DAVID B. LEWIS, V.P.J., GARY L. LUMPKIN, CHARLES A. JOHNSON and CLANCY SMITH, JJ.